1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALPHAPRINT, INC. DBA
ALPHAGRAPHICS SEATTLE, a Washington
corporation,

                              Plaintiff

vs

REID BAKER, an individual and his marital
community; KATHLEEN BAKER, and her
marital community; JOSHUA CARL, an
individual; JENNIFER REID and her marital
community; SUPERGRAPHICS, LLC, a
Washington Limited Liability Company; and
DOES 1 through 50, Inclusive,

                              Defendants.

NO.  2:18-cv-01639-RSL

STIPULATED MOTION FOR
PROTECTIVE ORDER

Noted: January 22, 2018

Counsel for the parties jointly move and stipulate as follows:

A court may enter a protective order "requiring that a trade secret or other confidential

research, development, or commercial information not be revealed or be revealed only in a

specified way." Fed. R. Civ. P. 26(c)(1)(G). "Rule 26(c) confers broad discretion on the trial

court to decide when a protective order is appropriate and what degree of protection is

required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Under this rule, the Court

may, for good cause, enter an order to "protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

MOTION FOR PROTECTIVE ORDER - 1 of 14
(2:18-cv-01639-RSL)

Because this case involves a dispute between direct competitors in the printing and graphics industry regarding alleged misappropriation of trade secrets, good cause exists for the Court to enter a protective order providing greater protection for highly sensitive competitive information that merits "Attorney's Eyes Only" protection for a limited subset of Highly Confidential documents as outlined below to protect a party from specific harms associated with providing such information to a direct competitor.

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.   "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged (regardless of how generated, stored or maintained): any document, portion of file, transcribed testimony, or other information or material, that the Producing Party in good faith reasonably believes to include confidential research, development, commercial, or other sensitive business or financial information.

Materials marked "HIGHLY CONFIDENTIAL" comprise those materials that would otherwise fall within the scope of the "Confidential" designation, but that the Producing Party

MOTION FOR PROTECTIVE ORDER - 2 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

21

in good faith reasonably believes to comprise particularly sensitive confidential material warranting more restricted disclosure due to the fact that this case revolves around a dispute between competitors—e.g., trade secrets, highly sensitive non-public technical information, future development or marketing plans, customer information, and key financial information. Materials may be designated "HIGHLY CONFIDENTIAL" only if the Producing Party reasonably believes in good faith that designation as "Confidential" will not provide adequate protection.

3.    SCOPE

          The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIAL

          4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential and Highly Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential and Highly Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

MOTION FOR PROTECTIVE ORDER - 3 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

22

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

MOTION FOR PROTECTIVE ORDER - 4 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

23

1    4.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless

2  otherwise ordered by the court or permitted in writing by the designating party, a receiving

3  party may disclose any HIGHLY CONFIDENTIAL material only to:

4        (a) Outside counsel of record in this action, as well as employees and

5  independent contractors of outside counsel that are engaged in work necessary to assist in the

6  litigation;

7        (b) experts and consultants hired by the parties or their attorneys of record to

8  whom disclosure is reasonably necessary for this litigation and who have signed the

9  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10        (c) The author of a document containing the information or other person who

11  originally received the information in the ordinary course of business, however, if this

12  category applies to any named party or any former employee of Plaintiff, additional

13  limitations shall apply. If a party believes this provision allows a named party or a former

14  employee of Plaintiff to review Highly Confidential information,

15        i.    the Highly Confidential Information may only be viewed in the

16        presence of outside counsel or via an electronic platform that does not allow

17        the viewer to save, download, copy, print, image or in any fashion preserve or

18        replicate the information; and

19        ii.    the viewer is precluded by court order from saving,

20        downloading, photographing, copying, printing, sharing, or allowing others to

21        view, save, download or otherwise duplicate the Highly Confidential

22        Information.

MOTION FOR PROTECTIVE ORDER - 5 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

24

(d) Court reporters and videographers, and persons preparing transcripts and videos of depositions;

(e) the Court and Court personnel as long as it is filed under seal or provided in a manner that does not disclose it to the public;

(f) vendors or service providers retained by the parties or their attorneys of record, including litigation support services, provided they have signed the Acknowledgment and Agreement to Be Bound (Exhibit A); and

(g) Any other person upon order of the Court or stipulation of the Producing Party in writing or on the record at a deposition or hearing.

4.4     Filing Confidential or Highly Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not

MOTION FOR PROTECTIVE ORDER - 6 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

25

warranted are not swept unjustifiably within the ambit of this agreement. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days

MOTION FOR PROTECTIVE ORDER - 7 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

26

after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)  <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1  <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion

MOTION FOR PROTECTIVE ORDER - 8 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

27

or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", that party must:

(a)  promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

MOTION FOR PROTECTIVE ORDER - 9 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

28

8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
     PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

If, in connection with this litigation and irrespective of the care actually exercised by the producing party, information subject to a claim of attorney-client privilege, work-product immunity or protection, or any other applicable privilege or immunity is inadvertently disclosed ("Disclosed Protected Information"), such disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that a party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter, either in this captioned litigation

MOTION FOR PROTECTIVE ORDER - 10 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

29

or in any other <u>federal, state, government, or administrative proceeding or other inquiry (e.g.,</u> <u>subpoena duces tecum)</u>.

A party may assert, in writing, the attorney-client privilege or work product production or other privilege or immunity with respect to the Disclosed Protected Information. The receiving party shall, within ten business days of receipt of that written assertion, return or destroy all copies of the Disclosed Protected Information and provide written certification. The receiving party's compliance with this section does not constitute acknowledgment of or acquiescence in the substantive claim of privilege asserted by the producing party. With ten business days of the notification that such Disclosed Protected Information has been returned or destroyed, the party claiming a privilege shall produce a privilege log with respect to the Disclosed Protected Information. If the producing party claims only a portion of the Disclosed Protected Information is privileged, the producing party shall provide, along with the privilege log, a new copy of the Disclosed Protected Information with the allegedly privileged or protected portions redacted.

The receiving party may move the Court for an order compelling production of the Disclosed Protected Information (a "Privilege Motion"). The Privilege Motion shall be filed under seal and shall not assert waiver as a ground for entering such an order based on the fact or circumstance of the production. The party claiming privilege retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

10.   <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each

MOTION FOR PROTECTIVE ORDER - 11 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

30

receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated this 21st day of January, 2019.

KUTAK ROCK LLP


By:  s/ Geana M. Van Dessel
Geana Van Dessel, WSBA No. 35969
Geana.VanDessel@KutakRock.com

NICHOLAS ROSS KNAPTON, P.C.

By: s/ Nicholas R. Knapton
Nicholas R. Knapton, WSBA#35634
Email: Nick@Knapton.com

Attorneys for Plaintiff
AlphaPrint, Inc. dba AlphaGraphics Seattle


GORDON THOMAS HONEYWELL LLP


By  s/ Stephanie Bloomfield
Stephanie Bloomfield, WSBA No. 24251
sbloomfield@gth-law.com
Attorneys for Defendants

MOTION FOR PROTECTIVE ORDER - 12 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

31

1

## ORDER

Pursuant to the above stipulation of the parties, it is now ORDERED that the above

Protective Order be entered in this case and filed by the Clerk of the Court.


Dated this 25th day of January, 2019

_____

The Honorable Robert S. Lasnik

MOTION FOR PROTECTIVE ORDER - 13 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

32

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Western District of

Washington on January ___ 2019, in the case of *AlphaPrint, Inc. v. Baker et al,* No. 2:18-cv-

01639-RSL. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order. I

further agree to submit to the jurisdiction of the United States District Court for the Western

District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____


City and State where sworn and signed: _____


_____
Printed name:


_____
Signature:


MOTION FOR PROTECTIVE ORDER - 14 of 14
(2:18-cv-01639-RSL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565